IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEREMIAH COFFER                                                  PLAINTIFF

v.                          NO. 4:25cv405-LPR

IZARD COUNTY SHERIFF OFFICE,
TYLER WEBB IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY,
AMBER HARNESS INDIVIDUALLY
SUSAN HALE INDIVIDUALLY                                          DEFENDANTS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 8 2025

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

## COMPLAINT

Comes now the Plaintiff by and through his Attorney Robert Newcomb

and for his Compliant against the Defendant states;

## JURISDICTION AND VENUE

1. The action is authorized to enforce the Civil Rights of the Plaintiff
   to be free from violation of his Constitutional Rights.

2. Jurisdiction of this Court is invoked pursuant to the provisions *28
   USC Section 1331* and the Courts supplemental jurisdiction under
   *28 USC Section 1367.*

3. Venue is proper in this Court in the parties are all residents of the
   Eastern District of Arkansas residing in the Central Division in
   Izard County, Arkansas. This action is to enforce rights granted to
   the Plaintiff under the United States Constitution specifically the 4th
   Amendment and the 14th Amendment.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Erwin

4. Supplemental jurisdiction is invoked to enforce rights given by Article II of Arkansas Constitution to be free from unreasonable search and seizure.

5. This action is brought pursuant to *42 USC Section 1983* for violation of rights secured to the Plaintiff by the Constitution of the United States.

6. Supplemental jurisdiction of this Court is invoked pursue rights granted by the Arkansas Constitution and authorize litigation of the Arkansas Civil Rights Act of 1993 as Amended.

## PARTIES

7. The Defendant Izard County Sheriff Office is an entity of Izard County, Arkansas and is the employer of the Defendant Tyler Webb. Tyler Webb actions were caring out the policy of the Izard County Sheriff Office.

8. Defendant Tyler Webb who is being sued in his official and individual capacity at all times material cause of action was acting under color of State Law as a Deputy Sheriff of Izard County Arkansas.

9. The Defendant Amber Harness who is being sued in her individual capacity at all times material of this cause of action was acting under color of State Law as an employee of the Arkansas Department of Human Services.

10. The Defendant Susan Hale who is being sued in her individual capacity at all times material of this cause of action was acting under color of State Law as an employee of the Arkansas Department of Human Services.

## FACTS

11. The Plaintiff is a resident of Izard County, Arkansas. Which is located in the Eastern District of Arkansas Division

12. On or about April 13, 2022 in Izard County, Arkansas a search was conducted of the Plaintiff's residence by Tyler Webb a Deputy Sheriff with Izard County Sheriff's Office

13. Amber Harness an employee of The Department of Human Services of the State of Arkansas and Susan Hale of the Department of Human Services seized property from the residence of the Plaintiff.

14. The search was conducted by an alleged consent by the Co-owner Becky Dickey.

15. Prior to the signing of the consent to search, Becky Dickey verbally narrowed the scope of the consent given by Tyler Webb on the consent form to exclude expressly the bedroom of her and the Plaintiff and all dresser drawers in the house.

16. The narrowing of the scope of the consent was made repeatedly by Ms. Dickey prior to and during the search of the house.

17. Knowing that the consent had been limited the Defendant's searched the house and removed personal property from the house that was seized in excess of the scope of consent given.

18. Specifically Amber Harness and Susan Hale removed from the residence personal property that was taken from the dresser drawer in the bedroom of the party's minor child SC. This was taken without consent and expressly in violation of the Scope of the consent given.

19. The consent given by Ms. Dickey was limited to defendant Tyler Webb.

20. Amber Harness and Susan Hale did not have consent to enter the house or search it but did so

21. On or about July 5th 2022 the Plaintiff was arrested by Defendant Tyler Webb at the Izard County Detention Center where the Plaintiff surrendered voluntarily to the Sheriff's Office after learning that there was a warrant for his arrest.

22. Upon his arrest a DNA sample was taken from of Plaintiff without consent by Jailer John Doe 1 at the direction Tyler Webb.

23. There is no Judicial authorization for the taking of DNA substance from the Plaintiff.

24. The Defendant Tyler Webb did not promptly deliver the rape kit to the Arkansas State Crime Lab for comparison with the Plaintiff's D.N.A. The make D.N.A. found was not the Plaintiff.

25. The failure to deliver the rape sample and D.N.A taken from the Plaintiff hindered his defense by not having favorable evidence available to move for a quick and speedy trial.

26. The testing of the sample from the clothing of SC was subsequently done after a second DNA sample was properly taken pursuant to a search warrant that showed that the Plaintiff's DNA did not match the DNA found on the outside of SC panties.

27. This delay was approximately 13 months and once the D.N.A. evidence was obtained the trial was able to be commenced within 60 days.

28. The Plaintiff was arrested upon the affidavit of Defendant Tyler Webb.

29. Favorable information was withheld that the victim told Defendant Webb she "didn't know what Coffer's genital looked like".

30. It was also failed to disclose "that the space beside the bed was to small for person's to stand by by side".

31. Defendant Webb lied that a vibrated was in the night stand as S.C. claimed when it was under the bed and gotten by Webb from the location.

32. The jury found the Plaintiff not guilty in less than 30 minutes.

33. The arrest of the Plaintiff was based upon in part or items seized without consent of the Co-owner of the house or the Plaintiff.

Further the favorable evidence of the D.N.A. test were not presented to the Judge.

34. As proximate result of the inclusion of the fact in the arrest warrant the Plaintiff was unable to obtain employment in his field of work which was Aircraft Maintenance on government aircraft because of his top-secret security.

35. The Plaintiff's employment was terminated because of his arrest preventing him from meeting the requirements of his perspective employers that he worked for in the past on doing maintenance work on federal government airplanes.

36. The Plaintiff lost income as a result of being unable to work.

37. As a result of being arrested the Plaintiff incurred attorney's fee's and court cost.

38. As a result of being accused of a sexual crime and losing his employment in certain industries the Plaintiff had emotional distress, worry, and high blood pressure.

39. The Plaintiff suffered physical distress as a result of the false arrest including but not limited to high blood pressure, anxiety, incurring medical bills and prescription bills prior to the Plaintiff's arrest he had full custody of SC.

40. After the allegations of April 13th, the Plaintiff was not allowed because of a proceeding brought by the state of Arkansas can not

be with his other children and had to live with his mother in Minnesota.

## DAMAGES

41. The Plaintiff should be awarded punitive damages against individual Defendants in an amount of $100,000.00

42. The court should award the Plaintiff compensatory damages for loss of pay, emotional distress and Attorney fees of $150,000.00

43. The court should award the Plaintiff his court cost and Attorney fees.

## JURY TRIAL REQUESTED

44. Plaintiff requested trial by jury.

45. Wherefore it is respectfully prayed that this court will grant the relief herein in any other relief the Plaintiff is entitled.

WHEREFORE it is prayed this Court will grant the relief requested and all such other relief the Plaintiff is entitled to.

Respectfully submitted:

Jeremiah Coffer

Robert A. Newcomb, #73087
Attorney at Law
P.O. Box 149
Little Rock, AR  72203
(501) 372-5577 - Phone
(501) 372-6025 – Fax
Newcomboffice@aol.com